IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-cv-128-BO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| ELISHA DAWN RIGGS and | ) | |
| JOSEPH A. RIGGS, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion for partial summary judgment [DE 27]. For the reasons discussed below, the motion [DE 27] is GRANTED.

## BACKGROUND

Plaintiff, the United States, filed this case in July 2018 alleging four causes of action: (1) conversion; (2) unjust enrichment; (3) breach of contract; and (4) fraudulent transfer. Defendants answered and discovery was conducted over a twelve-month period consisting of written discovery and depositions. On May 16, 2019, the United States served defendants with written discovery requests, including interrogatories, requests for admissions, and requests for production of documents. To date, defendants have failed to respond to the United States' written discovery requests.

The United States now seeks partial summary judgment against the defendants on its claims of conversion and breach of contract. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to facts, or opinions about either; and the genuineness of any described

documents." Fed. R. Civ. P. 36(a)(1). If the party to whom the request is directed fails to respond within the 30-day time limit imposed by the Rule, the admission requests are deemed admitted. Fed. R. Civ. P. 36(a)(3). Accordingly, because defendants did not respond to the United States' admission requests, the facts outline below are deemed admitted.

On October 25, 2012, Elisha Riggs executed two promissory notes to obtain two loans from the Farm Service Agency ("FSA"). The two loans were for $9,000 and $30,000, respectively. The interest rate for both loans was 1.125 percent per annum. To secure payment of the loans, Elisha Riggs executed a security agreement covering all farm and other equipment, including a tractor, cultivator, sprayer, and disc, as well as replacements, substitutions, additions and accessions thereto. FSA perfected the security agreement by filing a UCC Financing Statement on October 30, 2012, under File No. 201201223F, with the North Carolina Secretary of State.

On March 17, 2014, Elisha Riggs, signed three promissory notes. Two of the promissory notes were executed to restructure the loans received on October 25, 2012, while the other note was used to obtain a new operating loan. The first and second loans were restructured to the principal amounts of $9,139.53 and $30,448.26, respectively. The interest rate for the restructured loans remained at 1.125 percent per annum. The principal amount for the new third loan was for $11,000, and it accrued interest at 2.25 percent per annum. Defendants secured the loans by executing a security agreement. The security agreement covered all crops, farm and other equipment, and inventory, as well as replacements, substitutions, additions and accessions thereto, including but not limited to a: (1) John Deere 2955 tractor; (2) John Deer 110 disc; (3) Bush Hog rotary mower; (4) corn planter; (5) 3-point hitch loading boom; and (6) Farmall 100 tractor. Defendants also pledged a second lien on a 2004 GMC truck as collateral for the loans. FSA perfected its lien on the GMC truck by filing a Notice of Lien on the Certificate Title.

Elisha Riggs made one payment of $1,040 towards the loans she received from FSA. She has failed to make any other payment on the loans. The outstanding balance on the loans as of January 26, 2020, is $48,623.52, with interest accruing at $1.596 per day. Additionally, defendants sold the Farmall 100 tractor and GMC truck, and lost the remaining equipment pledged to FSA. FSA valued the collateral at $27,374.76 at the time it was sold and was lost by the defendants.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In this case, the United States has demonstrated that there is no dispute of material fact and that it is entitled to judgment as a matter of law on its claims of conversion and breach of contract.

I. Conversion

Conversion is the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523 (2012). Its essential elements are "ownership in the plaintiff and wrongful possession or conversion by the defendant." *Id.*

It is undisputed that FSA had an ownership interest in the collateral pledged by the defendants. Defendants gave FSA a security interest in various farming equipment and a 2004 GMC truck to secure the loans provided by FSA. FSA properly perfected its security interest by filing a UCC financing statement and recording a notice of lien, thereby creating an ownership interest in the property. By perfecting its security interest, FSA demonstrated its ownership interest

3

in the pledged collateral. *Bartlett Milling Co., L.P. v. Walnut Grove Auction & Realty Co.*, 192 N.C. App. 74, 86–87 (2008) ("[B]y proving that it possessed a perfected security interest in the collateral and resulting proceeds, plaintiff satisfied its burden of demonstrating ownership.").

By selling the Farmall 100 tractor and the GMC truck, and losing the remaining property pledged to FSA, defendants deprived FSA of its ownership interest in the pledged collateral. This constitutes wrongful exclusion of plaintiff's ownership rights and defendants are liable for conversion. FSA valued the wrongfully converted property at $27,374.76. Accordingly, defendants are jointly and severally liable to the United States for the tort of conversion under North Carolina law.

## II. Breach of contract

Breach of contract requires (1) existence of a valid contract and (2) material breach of the terms of that contract. *Crosby v. City of Gastonia*, 635 F.3d 634, 645 (4th Cir. 2011). A material breach "substantially defeats the purpose of the agreement or goes to the very heart of the agreement, or can be characterized as a substantial failure to perform." *Long v. Long*, 160 N.C. App. 664, 668 (2003). The injured party is entitled to expectation damages. *Perfecting Serv. Co. v. Prod. Dev. & Sales Co.*, 259 N.C. 400, 415 (1963).

Here, plaintiff and Elisha Riggs formed a legally binding contract when she signed the promissory notes and received the consideration from FSA of the value of the contract that is the face amount of the loans. Elisha Riggs breached the promissory notes when she failed to pay the loans she received. She remains in default. The total amount of the unpaid loans plus interest as calculated to January 16, 2020 is $48,657.18, with interest accruing at a rate of $1.5980 per day from January 16, 2020 to the date of judgment.

Additionally, Elisha Riggs and Joseph Riggs also breached the terms and conditions of the security agreements they signed, pledging a security interest in collateral to FSA. They agreed to "care for and maintain [the] collateral in a good and husbandlike manner," and to "not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of [FSA]." By selling the Farmall tractor and GMC truck, and allowing the other farming equipment to go missing, defendants breached the terms and conditions of the security agreement.

Thus, defendants are jointly and severally liable for the fair market value of the disposed collateral, which is valued at $27,374.76. Defendants are also jointly and severally liable for the protective advance filing fee of $32, which is associated with the UCC Financing Statement continuation. The total amount of the unpaid protective advance fee as calculated to January 16, 2020, is $33.66, with interest accruing at a rate of $0.0020 per day from January 16, 2020 to the date of judgment.

## CONCLUSION

For the reasons discussed above, the United States' motion for summary judgment [DE 27] on its conversion and breach of contract claims is GRANTED.

Judgment is hereby entered against Elisha Riggs in the amount of $48,657.18, with interest accruing from January 16, 2020, until the date of the judgment at a rate of $1.5980 per day until the date of judgment, and post-judgment interest at the legal rate; and against Joseph Riggs in the amount of $27,408.42, with post-judgment interest accruing at the legal rate, said amount being joint and several with Elisha Riggs.

SO ORDERED, this ⁷² day of March, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE